## LIABILITY OF WIFE ON NOTE TO WHICH SHE SIGNED HER HUSBAND'S NAME.

Circuit Court of Summit County.

WILLIAM WALDO ET AL V. FRANK P. FULLER ET AL.*

Decided, 1907.

*Promissory Note—Authority of Wife to Sign Husband's Note—Liability of Wife as Accommodation Maker.*

1. Where a husband authorizes his wife to collect what is owing to him and pay what is owing by him, that does not authorize her to give a promissory note to pay part of his debts and sign his name thereto.

2. One who receives a note purporting to be the note of his debtor and the debtor's wife, to pay an antecedent debt of the husband, may enforce said note as against the wife, notwithstanding she signed her husband's name to the note without his authority, the creditor not knowing that fact.

*Musser, Kohler & Mottinger,* for plaintiff in error.
*Esgate, Spencer & Snyder,* contra.

HENRY, J.; WINCH, J., and MARVIN, J., concur.

The action below was upon a promissory note alleged to have been given by the defendants in error, who are husband and wife.

*Affirmed without opinion, *Fuller v. Waldo,* 79 Ohio State, 437.

Plaintiffs in error were plaintiffs below and are Iowa merchants. The defenses interposed by the separate answers are: First, want of consideration. Second, that the signatures to the note are not genuine. Third, that if the wife did in fact sign her own and her husband's names, she had no authority to bind him.

The last defense affects the husband only, and as to him the judgment must be affirmed. The evidence of her agency at most amounted to a statement by him that his wife would collect what was owing to him and pay what was owing by him. This does not warrant any inference that she was authorized to sign his name to promissory notes. *Mechem on Agency*, Section 389.

As to the wife the case is different. True, the rule is that where an answer sets up two defenses, and the jury finds on the issues for the defendant, it is a finding on all the issues, and where error intervenes affecting only one of them, the verdict must be upheld (*McAllister* v. *Hartzell*, 60 Ohio St., 69). Here, however, we think there was error affecting both defenses interposed by the wife. An inspection of her admitted signature affixed to a deed very near the time of the note's date, together with the other evidence on the subject, compels the conclusion that her signature to the note is genuine, and we hold that in that respect the verdict is contrary to the weight of the evidence.

As to the other defense the court charged that inasmuch as the note was given for the husband's debt, if given at all, a new consideration was necessary to bind the wife upon it in the hands of the original payee. Such is not the law. See, as declaratory of the common law, Sections 3172*a* and 3171*x*, Revised Statutes.

For these errors, and these only, the judgment in favor of the wife is reversed and the cause as to her is remanded.